# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOHN T. HOLYFIELD,

    Plaintiff,

v.

GGNSC ATLANTA, LLC
d/b/a GOLDENLIVING CENTER-
NORTHSIDE,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:08-CV-02669-RWS

## **ORDER**

This case comes before the Court on Defendant GGNSC Atlanta LLC d/b/a Goldenliving Center - Northside's (hereinafter "Defendant") Motion to Dismiss, Compel Arbitration and Stay Discovery [3]. After a review of the record, the Court enters the following Order.

## **Discussion**

Plaintiff John T. Holyfield's (hereinafter "Plaintiff") Complaint alleged that Defendant negligently deviated from the standard of care which resulted in

injury to the Plaintiff. (Dkt. No. [1] at ¶4.) Defendant asks the Court to dismiss the Complaint and compel arbitration of Plaintiff's allegations pursuant to an arbitration clause contained in the "Resident and Facility Agreement" signed by Plaintiff's son, Sance Holyfield. (Dkt. No. [3] at 1.) Further, Defendant asks that the Court stay discovery until such time as the arbitration issue is resolved. (Id. at 24.) Plaintiff in response argues that the arbitration clause is invalid because he did not sign the arbitration agreement nor did he authorize his son to execute the document on his behalf. (Dkt. No. [5] at 1.)

As a preliminary matter, Defendant asserts that an arbitrator should decide whether the arbitration clause is valid. Although a challenge as to the validity of an arbitration agreement is usually an issue for the court, Defendant argues that this usual rule is avoided when the parties clearly and unmistakably agree in the arbitration agreement that the arbitrator has the power to rule on issues of his or her own jurisdiction. Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship, 432 F. 3d 1327 (11th Cir. 2005). The Court finds this argument misplaced. In the case at bar, the Plaintiff is challenging the very existence of any agreement, including the agreement to arbitrate. Therefore, the parties have not "clearly and unmistakably agreed" to submit jurisdictional matters to an

2

arbitrator. Given this contention, there is no presumptively valid contract which would trigger the district court's duty to compel arbitration pursuant to the Federal Arbitration Act. Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992). Therefore, the Court must first determine whether or not the Plaintiff is bound by the contractual language. Id.; See Cancanon v. Smith Barney, Harris, Upham & Co., 805 F.2d 998, 1000 (11th Cir. 1986) (per curiam) ("[W]here the allegation is one of ... ineffective assent to the contract, the issue [of arbitrability] is not subject to resolution pursuant to an arbitration clause contained in the contract documents.").

Having found that the Court must determine the validity of the arbitration agreement, the analysis turns to whether the Plaintiff has made a "colorable denial" of the agreement. In order to meet this burden, "an unequivocal denial that the agreement had been made [is] needed, and some evidence should [be] produced to substantiate the denial." T & R Enters. v. Continental Grain Co., 613 F.2d 1272, 1278 (5th Cir. 1980).[1] Here, it is clear that Plaintiff has met the

---

[1] The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

3

burden of establishing a colorable denial.  Plaintiff unequivocally denies the existence of any agreement with Defendant. (Dkt. No. [5] at 4.)  Furthermore, although Defendant presents evidence depicting the son's signature where he held himself as a representative with power of attorney authority, Plaintiff vehemently denies giving his son authority to act on his behalf. (Dkt. No. [12] Exhibit 3; Dkt. No. [5] at 4.)  This issue of fact coupled with the lack of a signed power of attorney document creates sufficient question as to the validity of the agreement such that the Court would like to hear oral argument on the issue.  A hearing is set for **January 29th, 2009 at 9:00AM** at Courtroom 2105, 2121 United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.  At this time, the Court will hear evidence and arguments from both parties as to the merits and validity of the arbitrability question and whether Plaintiff is bound by the arbitration language in the "Resident and Facility Agreement".

The Defendant's Motion to Dismiss or Compel Arbitration is **DENIED, without prejudice** at this time.  Discovery is **STAYED** in the case until the Court has ruled on the issue of the validity of the arbitration agreement.

4

## Conclusion

Defendant's Motion to Dismiss, Compel Arbitration and Stay Discovery [3] is **DENIED in part**. The Motion is **GRANTED in part** as to the request for a stay of discovery. The Court **RESERVES RULING** on the issue of the validity of the arbitration agreement following a hearing set for **January 29th, 2009 at 9:00AM** at Courtroom 2105, 2121 United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.

**SO ORDERED** this  23rd  day of January, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)