**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JOHN T. HOLYFIELD,

    Plaintiff,

v.

GGNSC ATLANTA, LLC
d/b/a GOLDENLIVING CENTER-
NORTHSIDE,

    Defendant.

CIVIL ACTION NO.
1:08-CV-2669-RWS

## **ORDER**

This case comes before the Court on Defendant GGNSC Atlanta LLC d/b/a Goldenliving Center - Northside's (hereinafter "Defendant") Motion to Dismiss, Compel Arbitration and Stay Discovery [3]. After a review of the record, the Court enters the following Order.

### **Background**

Plaintiff John T. Holyfield's (hereinafter "Plaintiff") Complaint alleged that Defendant negligently deviated from the standard of care which resulted in injury to the Plaintiff. (Dkt. No. [1] at ¶4.) Defendant asks the Court to dismiss

the Complaint and compel arbitration of Plaintiff's allegations pursuant to an arbitration clause contained in the "Resident and Facility Agreement" (herein after "Arbitration Agreement") signed by Plaintiff's son, Sance Holyfield ("Sance"). (Dkt. No. [3] at 1.) Plaintiff in response argues that the arbitration clause is invalid because he did not sign the Arbitration Agreement nor did he authorize his son to execute the document on his behalf. (Dkt. No. [5] at 1.)

As an initial matter, the Court previously determined that the absence of a presumptively valid contract triggers the Court's jurisdiction to determine whether or not the Plaintiff is bound by the contractual language. (Order dated January 23, 2009; See Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992); see also Cancanon v. Smith Barney, Harris, Upham & Co., 805 F.2d 998, 1000 (11th Cir. 1986.)) Based on this initial finding, the Court held an evidentiary hearing on April 2, 2009 to determine the validity of the arbitration agreement.

## Discussion

### I. Motion to Dismiss Standard

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."

2

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II. Defendant's Motion to Dismiss

At the hearing and in its briefing, Defendant GGNSC argued that Sance Holyfield's signature binds the Plaintiff to the Arbitration Agreement. (Dkt. No.

3

[12] at 11.) Defendant asserts that at the time of Plaintiff's admission, Sance Holyfield signed the Arbitration Agreement as the responsible party and held himself out to the intake coordinator at the facility as having a Power of Attorney authority for Plaintiff. (Id; Sance testimony April 2, 2009; Def. Exh. 1.) However, Defendant never obtained documentation of an alleged Power of Attorney nor confirmation from Plaintiff that he authorized his son to act on his behalf. (Alethia Covington testimony April 2, 2009.)

Plaintiff argues that the facility improperly relied on an assumption that Sance was the responsible party and did not conduct proper due diligence in order to ascertain the mental competency of Plaintiff. (Dkt. No. [5] at 4.) The absence of any evidence that Sance had authority to act on Plaintiff's behalf or that Plaintiff acquiesced in Sance's actions prohibits the enforcement of the Arbitration Agreement. (Id.) Furthermore, Plaintiff argues that O.C,G.A. § 9-9-62 prohibits arbitration in medical malpractice cases where the arbitration agreements are signed before the claims arise or when a party is not represented by counsel, as are the facts in the case at hand.[1] (Dkt. No. [18] at 5.)

---

[1] O.C.G.A.§ 9-9-62 states in part,
"... no agreement to arbitrate shall be enforceable unless the agreement was made subsequent to the alleged malpractice and after a dispute or controversy has occurred and

4

The Court first finds that the Federal Arbitration Act ("FAA") creates a presumption of arbitrability in the case herein. Wright v . Universal Maritime Service Corp., 525 U.S. 70, 78. The transaction at bar involves interstate commerce governed by the FAA and, as such, doubts about arbitrability must be resolved in favor of arbitration. Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686 116 S .Ct . 1652, 1656 (1995). Section 2 of the FAA establishes the legal foundation for arbitration, providing:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract .

9 U.S.C . §2 .Through this language, the FAA supercedes and preempts state laws that "attempt to undercut the enforceability of arbitration agreements." Perry v. Thomas, 482 U.S. 483, 489 (1987) citing Southland Corp. v. Keating, 465 U.S. 1, 9 (1984) ("Section 2, therefore, embodies a clear federal policy of requiring

---

unless the claimant is represented by an attorney at law at the time the agreement is entered into."

5

arbitration unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract' 9 U.S.C. § 2.") Accordingly, O.C.G.A. § 9-9-62 must yield to the FAA national policy favoring arbitration. <u>Doctor's Associates, Inc. v. Hamilton</u>, 150 F.3d 157, 162 (2d Cir. 1998) citing <u>Southland</u>, 465 U.S. at 10-11, 104 S.Ct. 852 ("[t]he Supreme Court has declared that the FAA preempts all state laws that impermissibly burden arbitration agreements.").

Having established that the FAA governs Plaintiff's claim, the Court turns to the issue of the validity of the Arbitration Agreement. At the hearing, Defendant demonstrated that it relied solely on Sance Holyfield's assertion that he had authority to act on behalf of his father in executing the Arbitration Agreement. (Alethia Covington testimony April 2, 2009.) The Court finds this reliance inappropriate. The validity of the Arbitration Agreement necessitates a showing that Defendant properly relied on Sance's status as Plaintiff's authorized representative. Especially in the context of signing admission papers for Plaintiff's admission into a health care facility, Defendant should have done more. Decisions in this context are of such importance that the Georgia Legislature has established a clear protocol for obtaining the consent of the person being admitted.

6

(See O.C.G.A. §§ 31-35A-1, et seq.) Defendant failed to comply with this protocol.

Plaintiff was present in the facility, and based on the evidence in the record, Plaintiff was competent to act on his own behalf. Yet, Defendant's personnel never sought Plaintiff's consent nor obtained any verification that Sance was authorized to act on Plaintiff's behalf. Defendant relied solely on Sance's representation that he had such authority. Defendant's reliance on Sance's statements was improper. Process Posters, Inc. v. Winn Dixie Stores, Inc., 587 S.E.2d 211, 215 (Ga. Ct. App. 2003) citing T & R Custom v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145, 488 S.E.2d 705 (1997) ("Where there is no evidence ... that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent."). Plaintiff should not be bound by an Arbitration Agreement signed without his authority. Accordingly, the Court finds the Arbitration Agreement executed by Sance invalid. Therefore, Defendant's Motion to Dismiss, Compel Arbitration is **DENIED**.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss and Compel Arbitration is **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED** this  8th  day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge